**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1923**

WILLIE MCCALL, Administrator for the Estate of Sandy Jamel McCall,

    Plaintiff - Appellant,

  v.

SAMUEL MORANT, individually and in his official capacity as a law enforcement officer with the Hoke County Sheriff's Department; SHERIFF HUBERT PETERKIN, individually and in his official capacity as the Sheriff of Hoke County,

    Defendants – Appellees,

  and

HOKE COUNTY,

    Defendant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:16-cv-00141-CCE-JLW)

Submitted: January 31, 2018      Decided: February 6, 2018

Before DUNCAN, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James H. Locus, Jr., Allen W. Rogers, LOCUS & ASSOCIATES, Fayetteville, North Carolina, for Appellant.  Bradley O. Wood, WOMBLE BOND DICKINSON (US) LLP, Winston-Salem, North Carolina, Norwood P. Blanchard, III, CROSSLEY MCINTOSH COLLIER HANLEY & EDES, P.L.L.C., Wilmington, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie McCall, administrator for the estate of Sandy Jamel McCall, appeals the district court's order granting Defendants' motions for summary judgment and Defendants' motion to strike Plaintiff's expert affidavit. We affirm.

We first address the district court's granting of Defendants' motion to strike Plaintiff's expert affidavit. We review a district court's ruling on the admissibility of expert witness testimony for abuse of discretion. *See Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 189 (4th Cir. 2017). In this case, the expert's affidavit was not disclosed to Defendants until it was filed in opposition to summary judgment—well after the expert disclosure deadline and the close of discovery. *See* Fed. R. Civ. P. 26(a)(2)(B). The affidavit contained opinions that were not included in the timely-disclosed expert report, including analysis of the officers' deposition testimony. Accordingly, we find no abuse of discretion in the district court's order to strike the affidavit.

We turn next to the district court's granting of Defendants' motions for summary judgment. We review an order granting summary judgment de novo, "drawing reasonable inferences in the light most favorable to the non-moving party." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 407 (4th Cir. 2015) (internal quotation marks omitted). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 408 (quoting Fed. R. Civ. P. 56(a)). The relevant inquiry is whether the evidence "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *McAirlaids, Inc. v.*

3

*Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (internal quotation marks omitted).  Applying these principles to the record before us, we discern no reversible error in the district court's conclusion that, in light of the essentially undisputed facts, the officer's actions were reasonable and constitutional.  *See McCall v. Morant*, No. 1:16-cv-00141-CCE-JLW (M.D.N.C. July 12, 2017).  In view of that conclusion, summary judgment was also proper as to each of the Plaintiff's additional claims.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*